# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Palmetto Pointe at Peas Island Condominium Property Owners Association, Inc. and Jack Love, individually, and on behalf of all others similarly situated, Plaintiffs,

v.

Island Pointe, LLC; Complete Building Corporation; Tri-County Roofing, Inc.; Creekside, Inc.; American Residential Services, LLC d/b/a ARS/Rescue Rooter Charleston; Andersen Windows, Inc.; Atlantic Building Construction Services, Inc., n/k/a Atlantic Construction Services, Inc.; Builder Services Group, Inc. d/b/a Gale Contractor Services; Novus Architects, Inc., f/k/a SGM Architects, Inc.; Tallent and Sons, Inc.; WC Services, Inc.; CRG Engineering, Inc.; CertainTeed Corporation; Kelly Flooring Products, Inc, d/b/a Carpet Baggers; Cornerstone Construction and Mark Malloy d/b/a Cornerstone Construction; Miracle Siding, LLC and Wilson Lucas Sales d/b/a Miracle LLC; Mark Palpoint a/k/a Micah Palpoint; Elroy Alonzo Vasquez; Chris a/k/a John Doe 61; Alderman Construction; Stanley's Vinyl Fence Designs; Cohen's Drywall Company, Inc.; Mosely Concrete; H and A Framing Construction, LLC a/k/a H&A Framing Construction, LLC and d/b/a Hand A Framing, LLC, H&A Construction, and Hand A Construction; JMC Construction, Inc., JMC Construction, LLC, John Doe 1-15, Defendants,

of which Palmetto Pointe at Peas Island Condominium Property Owners Association, Inc. and Jack Love, individually, and on behalf of all others similarly situated are the Respondents,

and

Tri-County Roofing, Inc. is the Petitioner.

Appellate Case No. 2023-001422

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal from Charleston County
Jennifer B. McCoy, Circuit Court Judge

---

Opinion No. 28278
Heard January 14, 2025 – Filed April 30, 2025

---

**REVERSED IN PART, AFFIRMED IN PART, AND
REMANDED**

---

Christian Stegmaier, Kelsey Jan Brudvig, Henry Dargan
McMaster, Jr., Evan Markus Gessner, and Michael C.
Bunda, all of Collins & Lacy, PC, of Columbia, for
Petitioner.

Edward D. Buckley, Jr. and Russell Grainger Hines, both
of Clement Rivers, LLP, of Charleston; Justin O'Toole
Lucey, Joshua Fletcher Evans, Sohayla Roudsari Townes,
and Anna Scarborough McCann, all of Justin O'Toole
Lucey, P.A., of Mt. Pleasant; and Stephanie D. Drawdy,
of Justin O'Toole Lucey, P.A., of Summerville, all for
Respondents.

---

**JUSTICE JAMES:**  The issue in this construction defect case concerns the amount Tri-County Roofing (TCR), a subcontractor on a townhome project named Palmetto Pointe at Peas Island (Palmetto), is entitled to set off from Palmetto's joint and several verdict against TCR and the general contractor, Complete Building Corporation (CBC).  We address two categories of pretrial settlement payments received by Palmetto: (1) $1,000,000 paid to Palmetto by CBC's insurer in exchange for a covenant-not-to-execute approximately ten months before trial; and (2) pretrial settlements paid by four other defendants totaling $1,975,000—part of which Palmetto conceded TCR was entitled to set off.  The court of appeals held TCR is not entitled to setoff for either the $1,000,000 covenant-not-to-execute or the total amount of the settlements paid by the four other defendants.  *Palmetto Pointe at Peas Island Condo. Prop. Owners Ass'n v. Island Pointe, LLC*, 440 S.C. 190, 213, 890 S.E.2d 603, 615 (Ct. App. 2023).  We reverse in part, affirm in part, and remand to the trial court for the calculation of judgment to be entered against TCR.

## I.

In 2005, developer Island Pointe, LLC contracted with general contractor CBC to construct a condominium project near Folly Beach named Palmetto Pointe at Peas Island.  CBC subcontracted with TCR for the roofing, exterior siding, and related work.  Many other parties were involved in the project, including architectural firm Novus Architects, Inc., f/k/a SGM Architects, Inc., and subcontractors Atlantic Construction Services, Inc. (framing); H and A Framing Construction, LLC (framing); and Cohen's Drywall Company, Inc. (drywall and insulation).

In late 2014 to early 2015, Palmetto noticed leaking issues related to roofing and hired an engineer who discovered numerous building code violations and construction defects.  Palmetto sued CBC, TCR, and numerous other parties involved in the project, alleging negligence, gross negligence, and breach of warranty.

Palmetto received $6,800,000 in pretrial and post-trial settlements.  As noted above, two groups of pretrial settlements are before us.  First, in July 2018, about ten months before trial, CBC's insurer paid Palmetto $1,000,000 in exchange for a covenant-not-to-execute.  The covenant stated, "[e]xcept for this payment constituting a credit in the same amount *against any judgment obtained against CBC*, this partial payment shall not otherwise affect the Plaintiffs' defective construction claim(s) and Plaintiffs reserve all claims against CBC, its

non-participating insurance carriers, and all non-settling parties." (emphasis added). Second, Novus paid $650,000; Atlantic paid $700,000; H and A paid $500,000; and Cohen's paid $125,000.

The two-week trial began on May 6, 2019. Palmetto presented evidence to the jury of damages resulting from numerous code violations and construction defects in the condominiums. The evidence presented largely centered on issues for which CBC and TCR shared responsibility—roofing, siding, and decking. Testimony also addressed drywall issues, a small number of framing issues, and roof design and planning as potential causes of the leaking.[1] Five defendants remained at the verdict stage: CBC; TCR; Miracle Siding, LLC; Elroy Alonzo Vasquez; and WC Services, Inc. Miracle supplied materials and installed siding, flashing, and related components. Vasquez installed roofing, flashing, other roofing components, and waterproofing. Both were subcontractors of TCR.

The jury returned a verdict in favor of defendant WC Services but against CBC, TCR, Miracle, and Vasquez for actual damages totaling $6,500,000. The jury also found CBC and TCR grossly negligent and awarded Palmetto $500,000 in punitive damages against CBC and $500,000 in punitive damages against TCR. The trial court granted Miracle and Vasquez's motion for apportionment of percentages of liability under subsection 15-38-15(C)(3) of the South Carolina Code (Supp. 2024), and the jury completed a special verdict form attributing 5% to Miracle and 5% to Vasquez (which they paid). Because the jury found CBC and TCR to be grossly negligent, they were not entitled to an apportionment of liability.[2] *See* S.C. Code Ann. § 15-38-15(F) ("This section does not apply to a defendant whose

---

[1] The court of appeals' opinion provides a more thorough overview of the testimony presented at trial. *See Palmetto Pointe*, 440 S.C. at 198-99, 210-13, 890 S.E.2d at 607-08, 614-15. We provide a briefer summary of the relevant testimony to give context to the narrower issues before us.

[2] The court of appeals stated CBC and TCR were "jointly and severally liable for the remaining 90% of actual damages—$5,850,000." 440 S.C. at 200, 890 S.E.2d at 608. The question of whether CBC and TCR would—absent the payments made by Miracle and Vasquez—be jointly and severally liable for 90% or 100% of the $6,500,000 verdict has not been presented by the parties at any stage of the proceedings.

conduct is determined to be wilful, wanton, reckless, grossly negligent, or intentional . . . ."). The punitive damages awards against TCR and CBC are unaffected by the allocations of liability among the defendants and are not before us.

TCR moved for setoff. Prior to the setoff hearing, CBC paid an additional $1,137,500 to Palmetto. The settlement agreement concerning this payment released CBC from any further liability to Palmetto. The allocation of this payment was before the court of appeals but is not before this Court. *See Palmetto Pointe*, 440 S.C. at 207, 890 S.E.2d at 612 (holding "the trial court erred in denying a setoff to TCR for the remaining $500,000 of the CBC settlement allocated to framing for HVAC access and fire separation penetrations not related to sprinkler installation"). The settlement agreement between CBC and Palmetto concerning CBC's $1,137,500 post-trial payment to Palmetto also addressed the July 2018 $1,000,000 payment by CBC's insurer to Palmetto. The agreement allocated the $1,000,000 payment to items of damage not pursued by Palmetto at trial ($900,000 to HVAC/electrical and $100,000 to concrete, flooring, interior handrails, fireplaces, and drainage).

The trial court denied TCR's motion to set off the $1,000,000 paid in July 2018 by CBC's insurer. Palmetto conceded to the trial court that TCR is entitled to set off $65,000 of the Novus settlement; $75,000 of the Atlantic settlement; and $50,000 of the H and A settlement to "account for any inadvertent overlap in issues" presented at trial. Palmetto also conceded TCR is entitled to set off $62,500 of the Cohen's settlement to account for drywall/firewall issues litigated at trial. The trial court agreed with Palmetto and denied further setoffs for the Novus, Atlantic, H and A, and Cohen's settlements. The court of appeals affirmed the trial court's rulings on the two setoff issues before us. *Palmetto Pointe*, 440 S.C. at 213, 890 S.E.2d at 615.

## II.

A non-settling defendant's right to setoff arises by operation of law when the settlement funds are paid to compensate the same plaintiff on a claim for the same injury. *Jolly v. Fisher Controls Int'l, LLC*, 443 S.C. 511, 531, 905 S.E.2d 380, 391 (2024) (citing *Smith v. Widener*, 397 S.C. 468, 472, 724 S.E.2d 188, 190 (Ct. App. 2012)). Under this circumstance, the trial court has no discretion in applying a setoff. *Smith*, 397 S.C. at 472, 724 S.E.2d at 190 (citing *Ellis v. Oliver*, 335 S.C. 106, 113, 515 S.E.2d 268, 272 (Ct. App. 1999)); *see* S.C. Code Ann. § 15-38-50 (2005). When a settlement involves more than one type of damage, the trial court has discretion to reasonably allocate the proceeds. *See Oaks at Rivers Edge Prop. Owners Ass'n v.*

*Daniel Island Riverside Devs., LLC*, 420 S.C. 424, 438-39, 803 S.E.2d 475, 482-83 (Ct. App. 2017). Appellate courts review the reasonableness of the trial court's allocation under an abuse of discretion standard. *See Jolly*, 443 S.C. at 534, 905 S.E.2d at 393. The court will not disturb settling parties' agreed-upon allocation of proceeds simply because it may be more advantageous to the plaintiff. *Riley v. Ford Motor Co.*, 414 S.C. 185, 196, 777 S.E.2d 824, 831 (2015).

## III.

### A. $1,000,000 pretrial covenant-not-to-execute

The court of appeals erred in holding TCR is not entitled to setoff for the $1,000,000 paid to Palmetto by CBC's insurer in July 2018, ten months before trial.

Section 15-38-50 of the South Carolina Code provides:

> When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury . . . it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater . . . .

Palmetto unquestionably gave the pretrial covenant-not-to-execute to CBC in good faith, and the covenant stipulates the $1,000,000 is a "credit in the same amount against *any judgment obtained against CBC*." (emphasis added). The judgment (here, clearly the verdict) obtained against CBC was obviously for categories of damage presented to the jury. TCR and CBC were found liable to Palmetto for the same categories of damage. And here, the verdict as rendered made CBC and TCR jointly and severally liable for those damages. Under the facts of this case, allowing Palmetto to belatedly allocate CBC's $1,000,000 pretrial payment to categories of damage for which Palmetto did not seek recovery at trial flies in the face of the plain language of section 15-38-50.

We reverse the court of appeals on this issue and hold TCR is entitled to set off the full amount of the $1,000,000 paid by CBC's insurer to Palmetto in exchange for the covenant-not-to-execute.

## B. Pretrial settlements between Palmetto and Novus, Atlantic, H and A, and Cohen's

We hold the court of appeals did not err in holding TCR was not entitled to full setoff for the pretrial settlements between Palmetto and Novus, Atlantic, H and A, and Cohen's. *See Palmetto Pointe*, 440 S.C. at 208-13, 890 S.E.2d at 613-15. In his dissent, the Chief Justice's sole disagreement is with our holding as to the settlement paid by Cohen's.

As is customary in construction litigation, Palmetto sued numerous defendants and claimed it was entitled to damages for multiple types of injuries. During trial, evidence of several types of injuries were presented to the jury. Cohen's performed drywall and insulation work on the project and was sued by Palmetto. Before trial, Cohen's paid $125,000 to Palmetto in exchange for a full release, and Cohen's was dismissed from the action. The Cohen's release contained no allocation between drywall and insulation. Defects arising from drywall installation were tried before the jury, while defects related to insulation were not. After the jury rendered its general verdict, Palmetto unilaterally allocated 50 percent of the Cohen's settlement to drywall issues. In its setoff motion, TCR claimed it was entitled to a setoff of the entire $125,000 paid by Cohen's. Thus, as the moving party, TCR had to establish Palmetto's allocation of the Cohen's settlement was unreasonable. After considering the arguments of TCR and Palmetto, the trial court found the allocation was reasonable.

Echoing his dissent in *Jolly*, 443 S.C. at 539-42, 905 S.E.2d at 395-97, the Chief Justice states he would hold the entire $125,000 settlement paid by Cohen's to Palmetto must be set off from the verdict because the pretrial release between Palmetto and Cohen's contained no allocation. We disagree. As the majority concluded in *Jolly*, the Chief Justice's interpretation of section 15-38-50 does not take into account its predicate language providing that setoff is allowed for payments "for the same injury or the same wrongful death." *See Jolly*, 443 S.C. at 534, 905 S.E.2d at 393.

In *Jolly*, we clarified the procedure for setoff when a plaintiff internally allocates pretrial settlement proceeds that involve more than one claim—some proceeds for the same injury as the claim tried to verdict and some not. 443 S.C. at 534, 905 S.E.2d at 392. We held a unilateral, internal allocation of settlement proceeds is acceptable if the allocation is reasonable. *Id.* "A 'reasonable allocation' is one that fairly approximates the value the settling defendants paid in exchange for

a release of each of the several claims." *Id.* at 532, 905 S.E.2d at 391. "[T]he *setoff judge* has the responsibility to make a reasonable allocation of settlement funds as a predicate to a setoff ruling" and is not permitted to "blindly accept a party's allocation of settlement funds for purposes of setoff." *Id.* at 532, 905 S.E.2d at 391.

We know Cohen's involvement in the project was twofold—drywall (an issue tried to the jury) and insulation (an issue not tried to the jury). Therein lies the rub in this case—was the entire Cohen's payment to Palmetto "for the same injury (drywall)" tried to the jury? Here, the trial court, which had the advantage of seeing and evaluating what was and was not presented to the jury, considered the parties' arguments and concluded the 50 percent allocation was reasonable. For the reasons stated by the court of appeals, we hold the trial court properly exercised its discretion. *See Palmetto Pointe*, 440 S.C. at 208-13, 890 S.E.2d at 613-15.

## IV.

For the foregoing reasons, we reverse the court of appeals' setoff holding on the $1,000,000 payment to Palmetto in July 2018 and hold TCR is entitled to set off that amount against the verdict. We affirm the court of appeals' holding on the Novus, Atlantic, H and A, and Cohen's settlements. We remand to the trial court for calculation of the amount of judgment to be entered against TCR.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**

**FEW, HILL and VERDIN, JJ., concur. KITTREDGE, C.J., concurring in part and dissenting in part in a separate opinion.**

**CHIEF JUSTICE KITTREDGE:**  I concur in part and dissent in part.

As set forth by the majority, section 15-38-50 of the South Carolina Code (2005) provides,

> When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury . . . it reduces the claim against the others to the extent of any amount *stipulated by the release or the covenant, **or** in the amount of the consideration paid for it*, whichever is the greater . . . ."

(Emphasis added).

In *Jolly v. Fisher Controls International, L.L.C.*, I rejected the majority's construction of section 15-38-50 that sanctioned a "secret, 'internal' allocation [of settlement proceeds] completed only after the jury render[ed] a verdict in the trial against any non-settling defendants."[3]  443 S.C. 511, 540, 905 S.E.2d 380, 395 (2024) (Kittredge, C.J., dissenting).  I explained the plain and unambiguous text of the statute manifestly compels "settling parties to allocate settlement proceeds at the time of the settlement" and that the allocation be "stipulated by the release." *Id.* at 540, 905 S.E.2d at 395–96.  As I wrote then, if the settling parties fail to do so, the statute unequivocally requires setoff of the full amount for which the parties settled.

*Jolly* involved multiple parties the plaintiffs claimed were responsible for one—or "the same"—injury.  Here, in contrast, Palmetto Pointe at Peas Island (Palmetto) sued multiple subcontractors, each of whom performed specific and discrete tasks on a townhome project, for numerous alleged construction defects.  Prior to trial, many of those subcontractors settled with Palmetto and were dismissed as defendants.  In doing so, each subcontractor settled any claim(s) flowing from its specified work.  With one exception, Palmetto did not present evidence at trial related to the allegedly negligent, discrete work performed by the settling

---

[3] While the majority refers to allocations in this context as "internal," that characterization is a misnomer, as it wrongly implies that litigants actually allocate settlement proceeds at the time of settlement.  In such circumstance, *there is no allocation at the time of settlement*.  What occurs is a purposeful decision by a plaintiff not to allocate, but to delay the allocation of the settlement proceeds until *after* the verdict is rendered.

subcontractors. Accordingly, we can be sure the jury verdict did not include damages for work performed by those settling subcontractors. That being the case, affording a non-settling defendant the benefit of a setoff would run counter to section 15-38-50 and common sense.[4]

Where I respectfully dissent from the majority is with respect to the setoff of the pretrial settlement between Palmetto and Cohen's Drywall Company, Inc. (Cohen's). Cohen's performed drywall and insulation work for the townhome project and paid a sum of $125,000 to Palmetto to settle issues arising from that work. Unlike with the claims against the other settling subcontractors, Palmetto *did* present evidence at trial regarding part of the purportedly negligent work of Cohen's—damages which, therefore, could have been included in the jury's general verdict. Significantly, Palmetto did not allocate the Cohen's settlement proceeds between issues related to its drywall work (litigated at trial) and its insulation work (not litigated at trial) in the release at the time of the settlement. Because Palmetto allocated the proceeds only *after* the jury rendered its verdict, I would apply the plain language of section 15-38-50 to find Tri-County Roofing is entitled to a setoff for the full amount for which Palmetto and Cohen's settled.[5] Apart from my disagreement with the majority on the setoff issue as to the pretrial settlement with Cohen's, I otherwise join the majority.

This is the second occasion on which a majority of this Court has interpreted section 15-38-50 in a manner that I believe contravenes the statute's plain language favoring transparency at the time of the settlement. In allowing a post-verdict "unilateral[

---

[4] I recognize that Palmetto agreed to a ten percent setoff related to the settling subcontractors, notwithstanding the fact that no evidence of their allegedly negligent work was presented at trial. However, Palmetto's motivation for doing so—perhaps a good faith gesture or done out of concern for its failure to comply with section 15-38-50—is not relevant here in my judgment.

[5] I do not disagree that allowing a setoff for half of the total $125,000 settlement may be equitable in this case, but this Court is not presented with a matter of equity or tasked with assessing a trial court's exercise of discretion in determining the "reasonableness" of the post-verdict allocation. We are charged with interpreting and applying the statute as written. Even assuming Tri-County Roofing had the burden of proof as the majority suggests, it has established—and *Palmetto has conceded*—that no settlement proceeds were allocated at the time of the settlement.

and] internal allocation of settlement proceeds[,]" the majority has taken a scalpel to the statute, removing the express requirement that the allocation of the settlement proceeds be "stipulated by the release or the covenant."  In my judgment, a trial court's after-the-fact finding of reasonableness in no manner cures the flagrant disregard of section 15-38-50.  By permitting—indeed, encouraging—plaintiffs to ignore the clear dictates of the statute, the Court is inviting mischief, gamesmanship, and, ultimately, multiple recoveries for the same injury.  I am hopeful our trial court judges will not indulge this practice.

If the majority's construction of the statute is at odds with what the legislature intended, as I believe, it is incumbent on the General Assembly to take corrective action.